■ CE CASECNAN WATER AND ENERGY COMPANY, INC., Respondent, v KOREA FIRST BANK, Appellant, and HANBO ENGINEERING CONSTRUCTION Co. et al., Intervenors-Appellants. [670 NYS2d 474] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered September 8, 1997, awarding plaintiff the principal sum of $79,329,000 for wrongful dishonor of a letter of credit, and bringing up for review an order of the same court and Justice, entered August 26, 1997, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendants' requests for expedited discovery and to compel arbitration, unanimously affirmed, with costs. Appeal from said order unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid judgment.

We agree with the IAS Court that the allegations of defendant bank and the intervenor contractors of fraudulent representations by plaintiff in its certificate of drawing failed to raise a triable issue of fact with respect to the propriety of the bank's dishonor of the subject letter of credit (*see,* UCC 5-114 [2]). Indeed, the record indicates that plaintiff's right to call the letter of credit was at least "colorable" (*see, Ground Air Transfer v Westates Airlines,* 899 F2d 1269, 1272-1273) and that the bank's dishonor was, accordingly, wrongful as a matter of law. This is not a case where the plaintiff caused the default relied upon and then attempted to reap its benefit (*see, Recon/Optical, Inc. v Government of Israel,* 816 F2d 854, 858); the default noted in the certificate of drawing related to the contractors' insolvency and not to any default in performance of the underlying construction contract. Additionally, the record supports the IAS Court's finding that plaintiff did not misrepresent in its certificate of drawing whether it owed the contractors undisputed amounts. We note that the controversy between the parties concerning the underlying contract is currently in arbitration.

Defendants' requests for expedited disclosure and to compel arbitration were properly denied since they related to recovery under the underlying contract and not to the independent letter of credit (*see, Mennen v J. P. Morgan & Co.,* 91 NY2d 13, 20). Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.